WETHERELL, J.,
concurring.
I agree that the orders on appeal must be quashed because the Administrative Law Judge (ALJ) lacked jurisdiction to rule on the motion for rehearing filed by the Department of Revenue (DOR) after DOR appealed the original final administrative paternity and support order (FAP-SO) to this court. However, to be fair to the ALJ, he likely did not know that the FAPSO was on appeal when he ruled on the motion for rehearing and entered the amended FAPSO.
Although ALJs have final order authority in administrative paternity and child support cases, the FAPSO is actuallyren-dered by DOR. See § 409.256(ll)(a), Fla. Stat. (2014). As a result, when a FAPSO is appealed, the notice of appeal is filed with DOR, not the Division of Administrative Hearings (DOAH). See Fla. R. App. P. 9.110(c) (requiring the notice of appeal to be filed with the clerk of the “lower administrative tribunal”) and Fla. R. App. P. 9.020(e) (defining “lower tribunal” as the “agency ... whose order is to be reviewed”). There is no requirement that a copy of the notice of appeal be served on DOAH or the ALJ, and unlike other cases in which ALJs have final order authority (e.g., rule challenges under section 120.56, Florida Statutes), the DOAH clerk is not responsible for preparing and transmitting the record when a FAPSO is appealed. See Fla. R. App. P. 9.200(d) (requiring the “clerk of the lower tribunal” to prepare and transmit the record) and Fla. R. App. P. 9.020(e) (defining “lower tribunal” as the “agency ... whose order is to be reviewed”). Accordingly, the ALJ will likely have no idea that one of his or her FAP-SOs has been appealed until the appellate court issues its opinion.
Here, the original FAPSO was entered by the ALJ on the same day as the final *645 hearing, August 7, 2014, but it was not rendered until September 26, 2014, when it was filed with the DOR clerk.[2] The next record activity occurred on October 6, 2014, when DOR’s appellate counsel filed a limited-purpose notice of appearance and a motion for rehearing at DOAH. The motion for rehearing identified two clerical eiTors in the FAPSO and it also challenged several of the substantive rulings in the FAPSO. The motion stated that a transcript of the final hearing was being prepared and that it would be filed with DOAH, thereby implying that the motion would not be ripe for a ruling until the transcript was filed.
No further record activity occurred at DOAH until January 21, 2015, when DOR’s appellate counsel filed the final hearing transcript as promised in the motion for rehearing. This filing triggered the ALJ to rule on the motion for rehearing, which he did the following day by entering an “Order Denying Motion for Rehearing but Granting in Part Motion to Amend Final Administrative Paternity and Support Order” along with an amended FAPSO. However, unbeknownst to the ALJ at the time these orders were entered, the original FAPSO had been on appeal for several months and the record had been filed with this court.
As the majority explains, the moment DOR filed its notice of appeal, it was deemed to have abandoned its motion for rehearing and the ALJ was divested of jurisdiction to rule on the motion. Cf Fla. R. App. P. 9.020(i)(3) (2014).[3] And, once the record was filed with this court, the ALJ lost jurisdiction to even correct the clerical errors in the original FAPSO. See Fla. R. App. P. 9.600(a). The fact that the ALJ was likely unaware of the appeal has no legal bearing on his lack of jurisdiction to rule on the motion.
That said, it is hard to fault the ALJ for ruling on the motion for rehearing because, by filing the promised final hearing transcript with DOAH, DOR gave the ALJ every indication that it was still pursuing its motion for rehearing despite the fact that it had abandoned the motion by operation of law several months prior when it appealed the original FAPSO to this court. Had DOR’s appellate counsel simply informed the ALJ that the FAPSO was on appeal, it is likely that the learned ALJ would have recognized that he lacked jurisdiction to rule on the motion for rehearing and he would not have wasted his time and effort in ruling on the merits of the motion.[4] Presumably, counsel’s failure to advise the ALJ of the pending appeal was simply an oversight, and hopefully, counsel and/or the DOR clerk will implement appropriate procedures to ensure that this does not happen again.
With these observations, I fully concur in the majority opinion quashing the order *646 entered by the ALJ on the motion for rehearing and the amended FAPSO. The practical and legal effect of this disposition, coupled with DOR’s voluntary dismissal of its appeal of the original FAPSO, is that the original FAPSO remains in effect.

. The record does not explain the reason for this delay.

. Technically, this rule does not apply in these circumstances because the rule refers to "authorized” post-judgment motions that toll rendition of the underlying final order and, as the majority explains, DOR's motion for rehearing was not such a motion. However, the principle embodied in the rule — that, by filing an appeal, the appellant abandons any post-judgment motions — does apply.

.Interestingly, DOR voluntarily dismissed its appeal of the original FAPSO on February 3, 2015, less than two weeks after the ALJ entered the order on the motion for rehearing. In that order, the ALJ explained in detail why the substantive issues raised by DOR in its motion for rehearing lacked merit. If, as it appears, DOR reconsidered its decision to appeal the original FAPSO based on the explanation provided by the ALJ in the order denying the motion for rehearing, then the time and effort spent by the ALJ ruling on the motion was not completely wasted.